UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL JIMENEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>M. MARTEL, et al.,<br><br>　　　　Respondents. | NO. CV 10-7108-MMM (AGR)<br><br>**ORDER TO SHOW CAUSE** |

On September 23, 2010, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears that the one-year statute of limitations has expired.

The Court, therefore, orders Petitioner to show cause, on or before ***November 15, 2010***, why this Court should not recommend dismissal with prejudice based on expiration of the one-year statute of limitations.

///

///

///

**I.**

**PROCEDURAL BACKGROUND**

On May 22, 1997, Petitioner was sentenced to 51 years to life after being convicted by a Los Angeles County Superior court jury.  (Petition at 1.)  Although Petitioner states that if an appeal was filed, "I do not know of it" (*id.* at 2), an appeal *was* filed on May 22, 1997.  *See* California Appellate Court online docket in Case No. B113204.[1]  Petitioner's petition for review was denied by the California Supreme Court on March 15, 2000.  California Appellate Court online docket in Case No. S085682.

On an unspecified date, Petitioner filed a state habeas petition before the Los Angeles Superior Court, which was denied, again on an unspecified date.  (Petition at 3.)  On June 23, 2009, Petitioner filed a state habeas petition before the California Court of Appeal, which was denied on June 30, 2009.  California Appellate Court online docket in Case No. B216998; (Petition at 4).  On August 31, 2009, Petitioner filed a state habeas petition in the California Supreme Court, which was denied on February 24, 2010, with a citation to *In re Robbins*, 18 Cal. 4th 770, 780 (1998).[2]  California Appellate Court online docket in Case No. S175895; (Petition, Ex. 2).

On August 2, 2010, Petitioner signed the instant petition before this court.  (Petition at 12.)  Petitioner raises 54 grounds.  (Petition, Grounds at 1-66.)

---

[1] The online docket indicates that the trial court case number was BA121182, which matches Petitioner's.  (Petition at 1.)  The California Court of Appeal affirmed the judgment "with modification & directions."  Online docket, entry dated December 28, 1999.  The opinion was sent to Petitioner but was returned to the court because it was "refused by inmate."  *Id.*, entry dated January 31, 2000.

[2] A citation to page 780 of *In re Robbins* is a "clear ruling that [a] petition was untimely."  *See Thorson v. Palmer,* 479 F.3d 643, 645 (9th Cir. 2007)*.*

## II.

## **STATUTE OF LIMITATIONS**

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

### A. The Date on Which Conviction Became Final

The California Supreme Court denied the petition for review on March 15, 2000. Petitioner's conviction became final ninety days later, on June 13, 2000. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Petitioner signed his federal habeas petition on August 2, 2010, 10 years later. Therefore, absent tolling, the statute of limitations expired on June 13, 2001.

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, the statute of limitations is not tolled during the interval between the time a conviction becomes final on direct review and the time the first state habeas petition is filed because there is no case "pending" during that interval. *Thorson,* 479 F.3d at 646.

A state habeas petition filed after the limitations period has expired does not toll or revive the expired limitations period. *Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003). Petitioner does not state when he signed and mailed his first state habeas petition in the Superior Court. Petitioner's habeas petition in

the California Court of Appeal was submitted in 2009.  Accordingly, statutory tolling does not appear to assist Petitioner.[3]

### B. Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed 2d 130 (2010).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)).  "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Id.* at 2565 (citations and internal quotation marks omitted).  As to the second prong, "[e]quitable tolling is typically granted when litigants are unable to file timely petitions as a result of external circumstances beyond their direct control." *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008).  On the other hand, "[e]quitable tolling is typically denied in cases where a litigant's own mistake clearly contributed to his predicament." *Id.*

On the face of the petition, the only possible basis for equitable tolling is Petitioner's contention that he never received his trial transcripts.  (Petition, Grounds at 1.)  However, Petitioner does not contend that he could not file his habeas petition without the transcripts.  Indeed, Petitioner still does not have the transcripts and yet filed the petition based on his memory.  (*Id.*); *see United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004) (the petitioner "did

---

[3] Even assuming Petitioner filed his first state habeas petition before expiration of the statute of limitations, the gap between that filing and the one before the California Court of Appeal in 2009 would be too long to entitle Petitioner to statutory tolling. *Evans v. Chavis*, 546 U.S. 189, 193, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006) held that "[a]s long as the prisoner filed a petition for appellate review within a 'reasonable time,' he could count as 'pending' (and add to the 1-year time limit) the days between (1) the time the lower state court reached an adverse decision, and (2) the day he filed a petition in the higher state court." (citation omitted).  *Evans* held that a six-month delay was not reasonable. *Id.* at 201.

4

1 eventually file his habeas corpus petition even though he did not have the
2 transcripts, [which] suggests that the lack of transcripts did not actually make it
3 impossible for him to file"); *Ford v. Pliler*, 590 F.3d 782, 790 (9th Cir. 2009) (lack
4 of legal files does not entitle a petitioner to equitable tolling when the petitioner
5 knows the factual bases of his claims); *Lloyd v. Van Natta*, 296 F.3d 630, 633
6 (7th Cir. 2002) ("[T]he state's alleged refusal here to provide [petitioner] with a
7 complete transcript does not justify equitable tolling"); *Fadayiro v. United States*,
8 30 F. Supp. 2d 772, 779-80 (D.N.J. 1998) (delay in receipt of transcripts does not
9 justify equitable tolling).  Nor has Petitioner offered any explanation as to why he
10 waited over ten years to file here.  *See Waldron-Ramsey v. Pacholke*, 556 F.3d
11 1008, 1014 (9th Cir.) ("If diligent, [the petitioner] could have prepared a basic form
12 habeas petition and filed it to satisfy the AEDPA deadline"), *cert. denied*, 130 S.
13 Ct. 244 (2009); *see also Battles*, 362 F.3d at 1198 ("Surely due diligence requires
14 that Battles at least consult his own memory of the trial proceedings.").

Therefore, equitable tolling does not appear to assist Petitioner. Accordingly, based on 28 U.S.C. § 2244(d)(1)(A), the petition appears to be time-barred.

**C.    Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)**

In the context of an ineffective assistance claim, the statute of limitations starts to run on the date a petitioner discovered (or could have discovered) the factual predicate for a claim that his counsel's performance was deficient, or on the date a petitioner discovered (or could have discovered) the factual predicate for prejudice, whichever is later.  *See Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). Therefore, the statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).

"'Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal

significance.'" *Hasan*, 254 F.3d at 1154 n.3.

Petitioner alleges ineffective assistance in Grounds Two, Four, Ten, Eleven, Thirty, Thirty-Two, Thirty-Seven, Forty-Two, Forty-Three, Forty-Nine, and Fifty-Three.  (Petition, Grounds at 4-7, 10, 17, 18, 38, 40, 46, 52, 53, 60, 65.)

In Grounds Two, Four, Ten, Eleven, Thirty-Two, Forty-Two, and Forty-Nine, Petitioner alleges that his counsel failed to conduct a reasonable pre-trial investigation based on failure to suppress evidence, failure to search for witnesses, failure to investigate law enforcement "lies," failure to raise cruel and unusual punishment, failure to subpoena evidence, failure to investigate a suggestive identification, failure to hire expert witnesses, failure to investigate Petitioner's alien status, and failure to investigate "deals" between the prosecutor and prosecution witnesses.  (*Id.* at 4-7, 10 (citing 8-9), 17 (citing 13-14), 18 (citing 13-14), 40, 52, 60.)

In Grounds Thirty, Thirty-Seven, Forty-Three, and Fifty-Three, Petitioner alleges that his counsel was ineffective for decisions made during trial, including not allowing Petitioner to present evidence, stipulating to certain facts, failing to object to prosecutorial argument, and failing to file motions to impeach or suppress.  (*Id.* at 38, 46, 53, 65.)

Petitioner has not identified any factual predicates that he discovered after the date his conviction became final.  All of the facts giving rise to a possible ineffective assistance claim arose either before trial or during trial.

Accordingly, based on 28 U.S.C. § 2244(d)(1)(D), the petition appears to be time-barred.

### III.

### ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, **on or before *November 15, 2010*,** Petitioner shall show cause why this Court should not recommend dismissal with prejudice of the petition based on expiration of the one-year statute of limitations.

Petitioner's response must explain why the petition is not barred by the statute of limitations.

*Petitioner is also advised that if he fails to timely respond to this Order to Show Cause, the Magistrate Judge will recommend that the District Court dismiss the petition, with prejudice, based on expiration of the one-year statute of limitations.*

DATED: October 18, 2010

_____
ALICIA G. ROSENBERG
United States Magistrate Judge